# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                      No. CR 07-1136 JB

ALEX BENIGNO ALVARENGA-TEJEDA,

    Defendant.

## ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed August 7, 2007 (Doc. 15). The Court held a sentencing hearing on September 19, 2007. The primary issue is whether the Court should accept the rule 11(c)(1)(C) plea agreement and sentence Defendant Alex Benigno Alvarenga-Tejeda to the low end of the advisory guideline range. For reasons stated at the hearing, and for reasons consistent with those already stated, the Court will grant Alvarenga-Tejeda's request to sentence him to 24 months and not impose a fine. The Court will, however, require him to pay a special assessment of $100.00.

Alvarenga-Tejeda pled guilty to Re-entry of a Previously Deported Alien, 8 U.S.C. §§ 1326(a) and 1326(b). See Fast Track Plea Agreement, filed June 8, 2007 (Doc. 12); Pre-Sentence Investigation Report ("PSR") ¶ 1, at 2. Alvarenga-Tejeda illegally reentered the United States after being deported earlier this year. See PSR ¶ 4, 5, at 2.

The Court adopts the Pre-Sentence Investigative Report's factual findings and sentencing guidelines application. See Transcript of Hearing at 6:7-13 (taken Sept. 19, 2007)(Court)("Tr.").[1]

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

The Court determines that Alvarenga-Tejeda is entitled to a downward departure of 2 levels because his plea agreement is pursuant to the U.S. Attorney's fast-track program.  See Fast Track Plea Agreement, filed June 8, 2007 (Doc. 12); PSR ¶¶ 1, 37, at 2, 8.   Alvarenga-Tejeda's offense level is 17 before any downward departure or variance, and the criminal history category is III, which establishes a Guideline range of 30 to 37 months imprisonment.  See PSR at 7-8.  Pursuant to the rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement which stipulates to an offense level of 15.  See PSR ¶¶ 1, 37, at 2, 8.

After careful consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), and taking into consideration other sentencing goals, the Court determines that the appropriate sentence is 24 months of imprisonment. The Court believes this sentence is reasonable and was within the contemplation of the parties when they entered the plea agreement.  Alvarenga-Tejeda is also placed upon 2 years unsupervised supervised release.  A special condition is imposed that Alvarenga-Tejeda is not to reenter the United States without legal authorization.  Therefore, consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant Alvarenga-Tejeda's request in part and deny it in part.

**IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum that the Court impose a sentence of 24 months, and waive all fine and penalties, is granted in part and denied in part.  The Defendant is committed to the custody of the Bureau of Prisons for a term of 24 months, and the Court will not impose a fine.  The Defendant will, however, pay a special assessment of $100.00.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney
Roberto D. Ortega
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

James Baiamonte
Albuquerque, New Mexico

    *Attorney for the Defendant*